Kirkpatrick, C. J. and Rossell, J.
— Were of opinion, that this Court had not any control over the surplus money; but that the judgment creditors must be left to their remedy at law, if they had any.
Pennington, J.
— After stating the facts as above. The question is, whether this Court has any control over the surplus money arising on this sale? On the best consideration I have been able to give this subject, I am of opinion, that it has. Judgments create a lien on the land. There is, however, an advantage given to a vigilant judgment creditor, in suing out and delivering his execution to the Sheriff; but the defendant has nothing to do with this. The land is sold under a writ issuing out of this Court. The Sheriff is an officer of the Court; it is the duty of the Court to watch over the execution of its judgments, to see that the Sheriff acts uprightly in the execution of writs. This is not a question whether one Sheriff' can levy on money of the defendant’s in the hands of another Sheriff, or in his own; but who is entitled to the money arising on the sale, of which, I think the Court, and not the Sheriff, is to judge. If the Sheriff' can legally pay over to the defendant, all the money arising on the sale of the land, after satisfying the *744 first execution, all judgment liens on land, except the first, are at an end: This might be considered [*] as aljard case, on the part of the Sheriff, Pierson ; if it did not appear from the facts stated, that he acted with his eyes open; he not only had full notice of the subsequent executions, but was expressly cautioned by Sheriff Squier, not to pay the money to the order of the defendant. Besides, I understand he is indemnified. On the whole,-! am of opinion, that themoney ought to be brought into Court, to be paid to the execution creditors, according to their priority, as far as it will go. This priority to be settled by the Court.
Rule discharged.